**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-cv-00402**

| | | |
|---|---|---|
| HAROLD CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| KEFFER HYUNDAI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant Keffer Hyundai[1] ("Defendant" or "Keffer"), by and through the undersigned counsel, hereby gives notice of removal of the above-captioned action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division, and in support thereof, respectfully states as follows:

**Removal Jurisdiction**

1. On or about April 22, 2026, Plaintiff Harold Cruz ("Plaintiff") filed a Complaint in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, captioned *Harold Cruz v. Keffer Hyundai*, Case No. 26CV022322-590 (the "State Court Action").

2. Plaintiff obtained a Civil Summons addressed to Defendant on April 28, 2026. **Exhibit A** constitutes all process, pleadings, and orders received by Defendant in the State Court Action as required by 28 U.S.C. § 1446(a).

3. The State Court Action is a civil action over which this Court has original and supplemental jurisdiction under 28 U.S.C. §§ 1331, and 1367(a).

---

[1] The correct registered business entity name of Defendant is "Keffer of Independence, LLC."

**Removal is Timely**

4.      Defendant received service of the Summons and Complaint on April 28, 2026.

5.      In accordance with 28 U.S.C. § 1446(b), this notice of removal is being filed within 30 days of service on Defendant of the Summons and Complaint setting forth the claims for relief upon which such action or proceeding is based.

**Original and Supplemental Jurisdiction**

6.      Removal is proper pursuant to 28 U.S.C. § 1441 because this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction.

7.      This Court has original jurisdiction of this Action under 28 U.S.C. § 1331, because Plaintiff alleges claims or causes of action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

8.      Removal of the State Court Action in its entirety is proper pursuant to 28 U.S.C. § 1441(c), because where, as here, "a civil action includes –

(A)     a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B)     a claim not within the original or supplemental jurisdiction of the district court . . . , the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c)(1).

9.      Any remaining claims or causes of action in the Complaint are so related to the aforementioned claims or causes of action within original jurisdiction that they form part of the same case or controversy.  As such, this Court has supplemental jurisdiction over them within the meaning of 28 U.S.C. §1367(a).  Even in the event a claim or cause of action is deemed to be non-removable because it is not within the original or supplemental jurisdiction of the district court or

has been made non-removable by statute, the entire action is still removal under 28 U.S.C. § 1441(c).

**<u>The Removal Procedures Have Been Satisfied</u>**

10. In light of the foregoing, removal of this case is proper pursuant to 28 U.S.C. § 1441.

11. The United States District Court for the Western District of North Carolina, Charlotte Division, is the United States District Court and Division in which the Action is pending. Venue is therefore proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1441(a).

12. As required by 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Defendant will provide written notice thereof to all parties, and shall file a copy of this Notice of Removal with the Clerk of the Superior Court of Mecklenburg County, North Carolina. A true and accurate copy of the Notice is attached as <u>Exhibit B</u>.[2]

13. Defendant's response to Plaintiff's Complaint is not due until May 25, 2026. By filing this Notice of Removal, and as required under Fed. R. Civ. P. 81(c)(2), Defendant will respond to the Complaint within seven (7) days of filing this Notice, unless an extension of the deadline is properly obtained pursuant to this Court's procedures. This Notice of Removal does not waive any objections Defendant may have to defects in process or service of process, jurisdiction, venue, or any other defenses.

---

[2] To prevent duplication, Defendant has not attached a second copy of this pleading to Exhibit B but has incorporated it therein by reference.

WHEREFORE, Defendant respectfully requests this case be removed to the United States District Court for the Western District of North Carolina.

Respectfully submitted, this the 22nd day of May, 2026.

By: ***/s/ Aretina K. Samuel-Priestley***
Aretina K. Samuel-Priestley [N.C. Bar 53593]
Keisha Murray [N.C. Bar 56249]
O'HAGAN MEYER PLLC
301 S. McDowell Street, Suite 707
Charlotte, NC 28204
(704) 582-7900
tsamuel-priestley@ohaganmeyer.com
kmurray@ohaganmeyer.com

*Counsel for Defendant*
*Keffer Hyundai*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the date, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF) and non-registered participants by email and/or U.S. Mail, addressed as follows:

>Harold Cruz
>115 Tuckaseege Road
>Mount Holly, NC 28120

This the 22nd day of May, 2026.

*/s/ Aretina K. Samuel-Priestley*